UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,                                      Case No. 04-80843

v.                                            Honorable John Corbett O'Meara

DOUGLAS MICHAEL KORNACKI,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

This matter came before the court on defendant Douglas Kornacki's August 19, 2005 Motion to Suppress Statements and for an Evidentiary Hearing. The government filed a response brief January 13, 2006; and oral argument was heard February 9, 2006.

Defendant Kornacki seeks an evidentiary hearing "at which time the recording of his interrogation can be reviewed and testimony can be taken from the interrogating officers and the defendant. The court can then make a determination as to whether the waiver of his Miranda rights and his statements [was] voluntary." Defendant's brief at 5. Defendant claims that he sustained "serious and painful injuries to his person, including a compression fracture to his spine and other injuries" when the car in which he was riding had been driven into a building immediately prior to his arrest. Defendant's motion at 2. Kornacki was treated for his injuries and released from Oakwood Hospital; however, he contends that the seriousness of his injuries and the pain and discomfort he experienced during ensuing interrogation sessions made his waiver of his Miranda rights, and thus his confessions, involuntary and "coercive."

There are three prerequisites to a determination that a confession was involuntarily made. First, the confession must have been extorted by objectively coercive police activity. Second, the coercion must have been sufficient, considering the subjective state of mind of the defendant, to have overborne his will. Finally, the defendant's will must have been overborne as a result of the coercive police activity. United States v. Newman, 889 F.2d 88, 95 (6th Cir. 1989). "Evidence that a defendant suffered, at the relevant time, from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that a confession was involuntary; some element of coercion by law enforcement agents is necessary." Id. at 95.

In this case Defendant fails to allege any coercive activity by government agents. Apparently, he was not physically or verbally threatened; there was no prolonged interrogation; he was not deprived of physical necessities; and there were no inducements given in exchange for a confession. Under Newman, assertions of his physical pain and discomfort are, by themselves, insufficient to warrant the conclusion that his confessions were involuntarily made.

Therefore, it is hereby **ORDERED** that defendant Kornacki's August 19, 2005 Motion to Suppress Statements and for Evidentiary Hearing is **DENIED.**

       **s/John Corbett O'Meara**
       **John Corbett O'Meara**
       **United States District Judge**

**Dated:  February 14, 2006**