UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 04-cr-80843

    Honorable Mark A. Goldsmith

DOUGLAS MICHAEL KORNACKI,

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28**
**U.S.C. § 2255 (Dkt. 112)**

On September 27, 2006, Defendant Douglas Michael Kornacki pleaded guilty to two counts of using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). See Plea Agreement (Dkt. 102). He was sentenced to 420 month's imprisonment on February 8, 2007. 2/9/2007 Judgment (Dkt. 107). More than twelve years later, he filed the instant motion, seeking to vacate his sentence pursuant to 28 U.S.C. 2255 (Dkt. 112). For the reasons that follow, Kornacki's motion is denied.

    **I.    BACKGROUND**

Kornacki was charged with bank robbery, 18 U.S.C. § 2113(a); robbery affecting commerce, 18 U.S.C. § 1951(a); felon in possession of a firearm, 18 U.S.C. § 922(g)(1); receipt and possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2); possession of an unregistered firearm, 26 U.S.C. §§ 5841, 4861(d), and 587; and three counts of violating § 924(c). Superseding Indictment (Dkt. 24).

Kornacki agreed to plead guilty to two violations of § 924(c) in exchange for dismissal of the remaining counts. See Plea Agreement.

## II. STANDARD OF REVIEW

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 175 F.3d 486, 488 (6th Cir. 1999).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States,

178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III. ANALYSIS

Kornacki asserts three grounds for relief in his motion.[1] Grounds one and three are essentially the same claim: his convictions under § 924(c) should be vacated in light of recent decisions issued by the Supreme Court. Section 924(c) prohibits the use or carrying of a firearm "during and in relation to a crime of violence or drug trafficking crime[.]" 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "elements clause"), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," (the "residual clause"). Id. § 924(c)(3)(A-B).

Kornacki's original motion relies on the Supreme Court's recent decisions in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Johnson v. United States, 135 S. Ct. 2551 (2015), to argue that the residual clause of § 924(c) is unconstitutional. While neither of these decisions addressed § 924(c) directly, the Supreme Court did address the constitutionality of § 924(c)(3)(B) after briefing on Kornacki's motion concluded, holding that the residual clause of § 924(c) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019).

---

[1] The Government argues that Kornacki's motion is untimely. Gov't Resp. at 4 (Dkt. 115). The Court need not address this argument, as it resolves Kornacki's claims on the merits. See Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006) (holding that a district court can avoid a statute-of-limitations question if it would be easier to simply deny relief on the merits).

Kornacki then filed a motion to supplement his original motion (Dkt. 112), where he argues that, in light of Davis, his § 924(c) convictions must be vacated.[2] He contends that the Court must determine whether he committed an underlying "crime of violence" under the elements clause or the residual clause, and if the Court cannot determine which provision the sentencing court relied upon, he should be resentenced. Def. Mot. to Supp. at 3.

While the Supreme Court's decision in Davis invalidated the residual clause of § 924(c), it did not disturb the constitutionality of the elements clause. Kornacki's underlying crimes of violence were bank robbery, 18 U.S.C. § 2113(a), and Hobbs Act robbery, 18 U.S.C. § 1951(a), both of which have been found to constitute crimes of violence under the elements clause. United States v. Henry, 722 F. App'x 496, 500 (6th Cir. Jan. 25, 2018) (bank robbery); United States v. Gooch, 850 F.3d 285, 291-292 (6th Cir. 2017) (Hobbs Act robbery). Thus, his § 924(c) convictions are still valid under § 924(c)(3)(A). Cf. United States v. Ledbetter, 929 F.3d 338, 361 (6th Cir. 2019) (setting aside § 924(c) convictions in light of Davis "[b]ecause the Government relies only on that now-invalidated clause to support [the defendants'] convictions under § 924(c)").

Kornacki presents another ground for the Court to vacate his sentence in his motion: he contends that the district court "had no authority to impose the sentence for two (2) 924(c) [convictions], absent the qualifying predicate offense." Def. Mot. at 4. To the extent Kornacki raises a different argument here than the one discussed supra, his argument is without merit. "[W]hile it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." United States v. Nelson, 27 F.3d 199, 200 (6th Cir. 1994); United States v. Lecron, No. 3:19CR4, 2019 WL 2774297, at *4 (N.D. Ohio July 2, 2019). Kornacki

---

[2] Kornacki's motion to supplement (Dkt. 117) is granted.

admitted to committing the underlying crimes when he pleaded guilty; it is irrelevant that he was not convicted of those crimes.

For these reasons, Kornacki is not entitled to relief under 28 U.S.C. § 2255.

### IV. CERTIFICATE OF APPEALABILITY

Because Kornacki's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Kornacki a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

### V. CONCLUSION

For the reasons provided, Defendant Kornacki's motion to vacate sentence pursuant to 28 U.S.C. 2255 (Dkt. 112) is denied.

SO ORDERED.

Dated: August 2, 2019  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2019.

s/Karri Sandusky  
Case Manager